Cheshire,
No. 6190.

STATE

*v.*

PHILLIP BLAKE
ALFONSO SMITH

June 30, 1971.

*Warren B. Rudman*, Attorney General, and *Henry F. Spaloss*, Assistant Attorney General ( *Mr. Spaloss* orally ), for the State.

*Cristiano & Kromphold* and *Arthur L. Trombly* ( *Mr. Trombly* orally ) for the defendants.

GRIFFITH, J. Defendants were convicted of attempted larceny of a 1963 black Cadillac automobile owned by Fairfield Motors Inc. During the trial Donald Secord, sales manager of Fairfield Motors, testified that the day before the crime he observed two colored men on Fairfield's lot where the Cadillac was kept and

talked with one of them. He testified they used a small white or off-white car of Chrysler manufacture and that a Dodge is a Chrysler product. The defendants were both black and when arrested were using a white Dodge. Secord did not identify either of the defendants as being the men he had seen on that occasion. Defendants objected to the admission of this evidence and the denial of their motion for mistrial because of its admission. Defendants' exceptions to the admission of this evidence and the denial of their motions for mistrial were reserved and transferred by the Trial Court ( *Dunfey, J.* ).

Defendants do not deny the probative value of the evidence. *See State* v. *Monteiro*, 110 N.H. 95, 97, 261 A.2d 269, 271 ( 1970 ); *United States* v. *Ravich*, 421 F.2d 1196 ( 2d Cir. 1970 ). Defendants claim that reference to the two men as " colored " was unduly prejudicial and a denial of equal protection of the law and due process. No argument or authority is advanced in support of this claim and we reject it. The color of the men and the color of the car was relevant and admissible evidence. The description of the men as " colored " is no more prejudicial in these circum-stances than the description of the car as " white. "

*Exceptions overruled.*

All concurred.